UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carpenters Southwest Administrative Corporation; and Board of Trustees for the Carpenters Southwest Trusts,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JT Builders, Inc.; John Trimmer; Corey Trimmer; and Platte River Insurance Company; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CV 13-5946 RSWL (RZx)<br><br>**ORDER Re: Plaintiffs' Motion for Entry of Default Judgment [25]** |

　　Currently before the Court is Plaintiffs Carpenters Southwest Administrative Corporation ("CSAC") and the Board of Trustees for the Carpenters Southwest Trusts' ("The Board of Trustees") Motion for Entry of Default Judgment [25]. The Court, having reviewed all papers submitted pertaining to this Motion and having

1

considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court **DENIES** Plaintiffs CSAC and The Board of Trustees' (collectively hereinafter "Plaintiffs") Motion for Default Judgment.

## I.   Introduction

This case was brought by Plaintiffs against Defendants JT Builders Inc. and John Michael Trimmer (collectively hereinafter "Defendants").

In this Motion, Plaintiffs seek default judgment against Defendants for their first claim, damages for failure to pay fringe benefit contributions, against JT Builders Inc., and for their fourth claim, breach of Personal Guarantee, against John Michael Trimmer ("John Trimmer"). Plaintiffs' second, third, fifth, and sixth claims for relief have been dismissed.

Plaintiffs seek award of unpaid fringe contributions, interest on the unpaid contributions, liquidated damages, audit fees, and reasonable attorneys' fees against Defendant JT Builders Inc. for a sum of $177,690.12. Plaintiffs further claim that pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132(g)(2), JT Builders Inc. is liable for reasonable attorneys' fees incurred in litigating this matter. In addition, Plaintiffs seek award of the balance on John Trimmer's Personal Guarantee, interest on the balance, and reasonable attorneys' fees against John Trimmer.

1    Defendants have not appeared in this Action.  On
2 December 13, 2013, Plaintiffs filed the Instant Motion
3 for Default Judgment against Defendants [25].
4 Accordingly, Plaintiffs now ask the Court to enter
5 default judgment against Defendants.
6    However, as Plaintiffs did not meet the procedural
7 requirements set forth by Local Rule 55-1 for an
8 Application for Default Judgment, the Court **DENIES**
9 Plaintiff's Motion.

## II.  Background

**A.  Factual Background**

Plaintiff CSAC is a non-profit corporation duly organized and existing under and by virtue of the laws of the State of California.  Compl. ¶ 2.  CSAC's principal place of business is in the County of Los Angeles, California.  Id.  CSAC is the corporate administrator of the Southwest Carpenters Health and Welfare Trust, the Southwest Carpenters Pension Trust, the Southwest Carpenters Vacation Trust, the Southwest Carpenters Training Fund, and various other plans (collectively hereinafter the "Plans").  Id. at ¶ 9. The Plans are express trusts which exist pursuant to section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186, and are multi-employer plans within the meaning of section 3 of ERISA, 29 U.S.C. § 1002.  Id. at ¶ 6.  The Board of Trustees is a fiduciary and is a duly authorized and acting trustee of the Plans.  Id. at ¶ 3.

CSAC and the Board of Trustees are agents authorized to act on behalf of the Plans' remaining funds and entities with respect to delinquencies. Id. at ¶ 4. The duly authorized and acting trustees or directors of each of the Plans have also assigned to CSAC all their right, title and interest in and to any and all amounts due and owing to the respective Plans by Defendant JT Builders, Inc. Id. at ¶ 10.

Defendant JT Builders Inc., doing business as JT Builders Millwork Inc., is a Nevada corporation and contractor engaged in the construction industry. Id. at ¶ 12.

Defendant John Trimmer, an individual, is listed with the Contractors State License Board as Responsible Managing Officer, Chief Executive Officer and President, and also listed with the Nevada Secretary of State as Treasurer, Director and President, and Secretary of JT Builders Inc. Id. ¶ at 13.

Defendant Corey James Trimmer, an individual, is listed with the Contractor's State License Board as Chief Financial Officer and President of JT Builders, Inc. Id. ¶ at 14. Defendant Platte River Insurance Company, a Nebraska corporation, is a corporation duly authorized under the laws of the State of Nebraska to transact a general insurance and surety business in Nevada and California. Id. at ¶ 15. On November 21, 2013, Defendants Corey James Trimmer and Platte River Insurance Company were dismissed from this Action [20].

1    The Southwest Regional Council of Carpenters and
2 its affiliated local unions: United Brotherhood of
3 Carpenters and Joiners of America (hereinafter
4 "Unions"), are labor organizations that are a party to
5 the Plans Agreements.  Id. at ¶ 11.
6    CSAC, as the corporate administrator of the Plans,
7 and the Board of Trustees for the Carpenters Southwest
8 Trusts, as fiduciary of the Plans, filed a complaint
9 alleging six claims for relief, including (1) damages
10 for failure to pay fringe benefits contributions
11 against JT Builders Inc., (2) defalcation of fiduciary
12 by the misappropriation of vacation funds held in
13 fiduciary capacity against John Trimmer and Corey James
14 Trimmer, (3) specific performance to conduct an audit
15 against JT Builders Inc., (4) breach of personal
16 guarantee against John Trimmer, (5) damages for failure
17 to pay wage and welfare benefits bond against Platte
18 River Insurance Company, and (6) damages for failure to
19 pay contractor's license bond against Platte River
20 Insurance Company.  Id. at ¶¶ 16-63.
21    Regarding Plaintiffs' first claim, on or about
22 August 30, 2002, JT Builders Inc. executed and
23 delivered to the Unions a Memorandum Agreement dated
24 August 30, 2002.  Petersen Decl. Exh. 1 p.16.
25 Plaintiffs allege that said Memorandum Agreement binds
26 JT Builders Inc. to the terms and conditions of the
27 Carpenters Master Labor Agreement between United
28 Builders and Contractors Association, Inc. and the

Unions, as well as to any renewals or subsequent Master Labor Agreements. Compl. ¶ 17. Plaintiffs allege the Memorandum Agreement further binds JT Builders Inc. to the Plans Agreements and any amendments, modifications, extensions, supplements or renewals of the Plans Agreements. Id. The Plans are third party beneficiaries of the Memorandum Agreement and Master Labor Agreements. Id.

The Plans Agreements require JT Builders Inc. to pay fringe benefit contributions to those employees performing services covered by the Agreements. Id. at ¶ 18. Fringe benefit contributions are to be made by way of Employers Monthly Reports. Id. at ¶ 20. These Reports are to be given to the Plans on or before the 25th day of each month. Id. The Agreements provide that the amount of contractual damages to the Plans resulting from a failure to pay contributions when due shall be presumed to be the sum of $30.00 per delinquency or 10 percent of the amount of the contributions due, whichever is greater. Id. at ¶ 21. This amount shall become due and payable to the CSAC as liquidated damages in addition to the unpaid contributions or contributions paid late. Id.

JT Builders Inc. failed to pay the fringe benefit contributions in the manner prescribed by the Agreements. Id. at ¶ 23.

The Plans have conducted Audits which indicate that JT Builders Inc. failed to report and pay all

contributions owed.  Compl. Exh. 3 p.20-23.  For the periods of October 2009 through December 2009, February 2010 through July 2010, September 2010 through September 2011, and November 2011 through March 2012, JT Builders Inc. submitted its monthly reports late and/or without payment for the fringe benefit contributions.  Watanabe Decl. ¶ 8.  Liquidated damages have been assessed on the unpaid and/or late paid contributions.  Compl. Exh. 3 p.20-23.

Plaintiffs allege a second claim for defalcation of fiduciary by the misappropriation of vacation funds held in fiduciary capacity by JT Builders Inc.  Compl. ¶¶ 31-39.  On November 21, 2013, Plaintiffs filed a Notice of Dismissal as to this claim [20].

Plaintiffs allege a third claim for specific performance to conduct an audit to determine whether the employer has made the appropriate contributions to the Plans.  Compl. ¶¶ 40-45.  On December 13, 2013, Plaintiffs voluntarily dismissed this claim [28].

Plaintiffs allege a fourth claim for Breach of Personal Guarantee against John Trimmer.  Compl. ¶¶ 46-51.  On or about August 1, 2004, John Trimmer entered into a written Personal Guarantee.  Petersen Decl. Exh. 5 p.25.  Additionally, John Trimmer signed a settlement letter dated February 24, 2012 agreeing to all payment terms.  Petersen Decl. Exh. 6 p.26-28.  With this Personal Guarantee, Plaintiffs allege that John Trimmer promised to pay CSAC the sum of $152,543.36 in the

7

following manner: $15,082.67 paid as a down payment, and the balance of $137,460.69 payable as $2,500.00/month for the first six months beginning February 29, 2012 through July 31, 2012, followed by eighteen payments of $7,442.60/month, beginning August 31, 2012 and continuing through January 31, 2014. Compl. ¶ 48.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the Personal Guarantee. Id. at ¶ 50. To the date the Complaint was filed, August 14, 2013, Plaintiffs had received a total of $20,082.00 towards the Personal Guarantee. Id. JT Builders, Inc. and John Trimmer were provided notice on March 22, 2013 that a complaint was going to be filed against them for breach of the Personal Guarantee. Petersen Decl. Exh. 7 p.29.

Plaintiffs allege a fifth claim for relief against Platte River Insurance Company for failure to pay wage and welfare benefits bond. Compl. ¶ 52-57. Plaintiffs alleged a sixth claim for relief against Platte River Insurance Company for failure to pay contractor's license bond. Id. at ¶ 58-63. On November 21, 2013, Plaintiffs voluntarily dismissed the fifth claim for relief for failure to pay wage and welfare benefits bond, and the sixth claim for relief for failure to pay contractor's license bond [20].

**B.  Procedural Background**

Plaintiffs CSAC and the Board of Trustees filed

1 their Complaint on August 14, 2013 against Defendants
2 JT Builders Inc., John Trimmer, Corey James Trimmer,
3 and Platte River Insurance Company [1].
4     Defendants were duly served with the Summons and
5 Complaint on August 27, 2013, August 28, 2013 and
6 August 29, 2013, respectively [11, 12, 13, 14]. True
7 and correct copies of the Proofs of Service were filed
8 with the Clerk of the Court on September 19, 2013 [14].
9 Defendants failed to plead or otherwise respond to the
10 Complaint and on October 10, 2013 Plaintiffs requested
11 entry of default against Defendants [16]. On October
12 11, 2013 the Clerk entered Default as to Defendants JT
13 Builders, Inc., John Trimmer, and Corey James Trimmer
14 [19].
15     On November 21, 2013, Plaintiffs voluntarily
16 dismissed the second claim for relief for defalcation,
17 the fifth claim for relief for failure to pay wage and
18 welfare benefits bond, and the sixth claim for relief
19 for failure to pay contractor's license bond [20].
20 Additionally, Plaintiffs voluntarily dismissed
21 Defendants Platte River Insurance Company and Corey
22 James Trimmer [20]. On December 13, 2013, Plaintiffs
23 filed a Notice of Dismissal as to the third claim for
24 relief for specific performance [28].
25     On December 13, 2013, Plaintiffs filed a Motion for
26 Default Judgment against Defendants JT Builders Inc.
27 and John Trimmer [25].
28

**III.   Discussion**

**A.   <u>Legal Standard - Default Judgment</u>**

   1.   <u>Procedural Requirements</u>

Plaintiff must meet all procedural requirements before the Court can enter default judgment. Pursuant to Local Rule 55-1, an application for default judgment shall include:

(a) [w]hen and against what party the entry of default was entered; (b) [t]he identification of the pleading to which default was entered; (c) [w]hether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) [t]hat the Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply; and (e) [t]hat notice has been served on the defaulting party, if required by [Fed. R. Civ. P.] 55(b)(2).

Federal Rule of Civil Procedure 55 further governs the entry of default judgments. Rule 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Default judgment may then be entered by the clerk pursuant to Rule 55(b)(1)[1] or by the Court pursuant to

---

[1] Rule 55(b)(1) provides:

Rule 55(b)(2)[2].

2. <u>Substantive Factors</u>

A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. Instead, the Ninth Circuit has determined that a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. <u>Eitel v. McCool</u>, 782 F.2d, 1470 1471-72 (9th Cir. 1986). Plaintiff must also meet the

---

  (b) Entering a Default Judgment.
    (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

[2] Rule 55(b)(2) provides:

  (b) Entering a Default Judgment.
    (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
      (A) conduct an accounting;
      (B) determine the amount of damages;
      (C) establish the truth of any allegation by evidence; or
      (D) investigate any other matter.

11

substantive requirements for default judgment. Under Rule 55(b)(2), the decision to grant or deny a default judgment rests within the sound discretion of the trial court. <u>Alan Neuman Prods., Inc. v. Albright</u>, 862 F.2d 1388, 1292 (9th Cir. 1988); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has set forth the following substantive factors that courts may use to grant or deny a default judgment:

(1) the possibility of prejudice to the plaintiff[;]

(2) the merits of plaintiff's substantive claim[;]

(3) the sufficiency of the complaint[;]

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect[;] and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In analyzing the <u>Eitel</u> factors, the Court may base its judgment entirely upon the affidavits submitted by the parties. <u>Davis v. Fendler</u>, 650 F.2d 1154, 1161 (9th Cir. 1981). If the Court determines that the defendant is in default, "'the factual allegations of

the complaint, other than those relating to damages, are taken as true.'" <u>Televideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977)).

However, with regard to damages, the general rule is that "upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." <u>Geddes</u>, 559 F.2d at 660. Damages or other forms of relief awarded are constrained by the rule that judgment by default "must not differ in kind from, or exceed in amount," that which is prayed for in the complaint. Fed. R. Civ. P. 54(c).

**B.  <u>Analysis</u>**

    1.  <u>Plaintiff Has Not Met All Procedural Requirements for Default Judgment</u>

The Court **DENIES** Plaintiffs' Application for Default Judgment because the Court finds that the Plaintiffs have not met all local procedural requirements for default judgment. Local Rule 55-1.

In the Central District of California, pursuant to Local Rule 55-1, motions for default judgment must set forth the following information: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person

is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required. <u>PepsiCo, Inc. v. California Sec. Cans</u>, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing L.R. 55-1).

Plaintiffs have satisfied the first, second, and fifth requirements of Local Rule 55-1. On December 13, 2013, Plaintiffs filed a Motion for Default Judgment against Defendants JT Builders Inc. and John Trimmer [25]. Default was entered as to the Complaint filed in this proceeding [19]. Plaintiffs attached Proof of service to their Motion stating that notice of the Motion has been served [25]. However, Plaintiffs have failed to meet the third and fourth requirements. Plaintiffs failed to set forth in their declarations (1) that Defendants are not infants or incompetent persons, and (2) that Defendants are not in active military service for the United States of America.

Thus, the procedural requirements of Local Rule 55-1 (c, d) are not met in this case. Accordingly, the Court declines to consider whether the <u>Eitel</u> factors weigh in favor of entering default judgment, and **DENIES** Plaintiff's Motion. <u>See</u>, e.g. <u>James Abbey v. Euro Taxi, LLC, et al.</u>, 2011 U.S. Dist. LEXIS 127383 (finding that the plaintiff did not satisfy the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b) and Local Rule 55-1 and

14

therefore denying plaintiff's motion for default judgment against defendants without prejudice).

### IV.  Conclusion

For the reasons stated above, the Court **DENIES** without prejudice Plaintiffs' Motion for Default Judgment and Discharge of Stakeholder and for Attorneys' Fees.

**IT IS SO ORDERED.**

DATED: February 20, 2014

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

15