# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carpenters Southwest Administrative Corporation; and Board of Trustees for the Carpenters Southwest Trust,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>JT Builders, Inc., et. al.,<br><br>　　　　　　Defendants. | CV 13-5946 RSWL (RSx)<br><br>**Order Re: Plaintiffs' Motion for Reconsideration of Court's Denial of Motion for Entry of Default Judgment [32]; Plaintiffs' Motion for Entry of Default Judgment [25]** |

　　On December 13, 2013, Plaintiffs Carpenters Southwest Administrative Corporation ("CSAC") and the Board of Trustees for the Carpenters Southwest Trusts ("The Board of Trustees") (collectively "Plaintiffs") filed a Motion for Default Judgment against Defendants JT Builders Inc. and John Trimmer [25]. On February 20, 2014, the Court denied without prejudice Plaintiffs' Motion for Entry of Default Judgment,

1

1 finding that the procedural requirements of Local Rule
2 55-1 (c) and (d) had not been met.  On February 25,
3 2014, Plaintiffs filed a Motion for Reconsideration of
4 the Court's Denial of Plaintiffs' Motion for Entry of
5 Default Judgment [32].  This matter was taken under
6 submission on March 27, 2014 [33].
7     The Court, having reviewed all papers submitted
8 pertaining to this Motion and having considered all
9 arguments presented to the Court, **NOW FINDS AND RULES**
10 **AS FOLLOWS:**
11     Plaintiffs' Motion for Reconsideration is **GRANTED**.
12 After reconsideration of  Plaintiffs' Motion for Entry
13 of Default Judgment, Default Judgment is hereby
14 **GRANTED.**
15 **A.   Motion for Reconsideration**
16     In their Motion for Reconsideration, Plaintiffs
17 request that this Court reconsider its February 20,
18 2014 Order, denying Plaintiffs Motion for Entry of
19 Default Judgment [31].  The Court denied Plaintiffs'
20 prior Motion for Entry of Default Judgment, on the
21 ground that Plaintiffs had failed to satisfy the
22 procedural requirements of Local Rule 55-1 (c) and (d)
23 by providing a declaration setting forth the required
24 information.  In fact, however, Plaintiffs did satisfy
25 these procedural requirements as this information was
26 included in a declaration in support of the Motion,
27 (see Vartanian Decl. ¶¶ 12-16), though Plaintiffs
28 failed to draw the Court's attention to these

procedural elements anywhere in their original motion. Nevertheless, Plaintiffs have now drawn the Court's attention to the relevant paragraphs of the Declaration of Varand Vartanian setting forth the required information.

Local Rule 7-18 provides that a motion for reconsideration may be made upon three grounds, including "a manifest showing of a failure to consider material facts presented to the Court before such decision." C.D. Cal. L.R. 7-18. A review of this Court's previous Order reveals that the Court did fail "to consider material facts presented to the Court before rendering its decision," namely Plaintiff's attached Declaration fulfilling Local Rule 55-1 (c) and (d)'s procedural requirements. L.R. 55-1. Thus, the Court **GRANTS** Plaintiffs' Motion for Reconsideration [31] and reconsiders Plaintiffs' Motion for Entry of Default Judgment. See C.D. Cal. L.R. 7-18.

**B.   Motion for Default Judgment**

Upon reconsideration, the Court finds that Plaintiffs have satisfied all five of the procedural requirements necessary under Local Rule 55-1 for entry of default judgment. The Clerk entered Default Judgment against Defendants as to the Complaint on October 11, 2013 [19]. Plaintiffs attached Proofs of service to their Motion stating that notice of the Motion has been served [25]. Although Plaintiffs failed to even mention the third and fourth

1  requirements, or that they had been satisfied, in their
2  Motion for Entry of Default Judgment, they have since
3  drawn the Court's attention to the relevant paragraphs
4  of the supporting declarations which set forth facts
5  satisfying Local Rule 55-1(c) and (d).  See Vartanian
6  Decl. ¶¶ 4-7.  Therefore, Plaintiffs have satisfied the
7  procedural requirements necessary for entry of default
8  judgment.  Furthermore, the Court finds that the
9  substantive factors set forth in Eitel v. McCool, 782
10 F.2d 1470 (9th Cir. 1986) weigh in favor of granting
11 default judgment.
12 THEREFORE, IT IS ORDERED that:
13      Default Judgment shall be entered against Defendant
14 JT Builders, Inc., and Defendant John Michael Trimmer.
15 The Court enters Default Judgment against Defendants JT
16 Builders Inc. and John Michael Trimmer as follows:
17      Against Defendant JT Builders, Inc. in the amount
18 of $177,690.12 for the following:
19      1.   Unpaid contributions: $84,597.51
20      2.   Liquidated damages: $59,408.62
21      3.   Interest on the unpaid contributions pursuant
22           to 29 U.S.C. § 1132(g)(2) (7 percent per annum)
23           pursuant to the Trust Agreements from the due
24           date to billing dates: $57.31
25      4.   Audit Fees: $117.60
26      5.   Interest from due dates to January 21, 2014:
27           $27,025.46
28      6.   Attorneys' fees pursuant to L.R. 55-3:

1           $6,483.62
2    7. Plus costs to be determined after entry of
3       judgment.
4    8. Pursuant to 28 U.S.C. § 1961(a), this judgment
5       shall bear interest at the rate of 10 percent
6       per annum.

Against Defendant John Michael Trimmer in the amount of $159,651.66 for the following:

1. Balance on Personal Guarantee: $137,074.15
2. Interest on the balance from March 31, 2012 to January 21, 2014 (accruing at $17.31 per day or 7 percent per annum): $16,236.03
3. Attorneys' fees pursuant to Local Rule 55-3: $6,341.48
4. Plus costs to be determined after entry of judgment.
5. Pursuant to 28 U.S.C. § 1961(a), this judgment shall bear interest at the rate of 10 percent per annum.

The Clerk to close this Action.

**IT IS SO ORDERED.**

DATED: April 24, 2014

                         RONALD S.W. LEW
                         **HONORABLE RONALD S.W. LEW**
                         Senior U.S. District Judge